■   In the Matter of the Claim of ALBERT M. BRUSETTI, Respondent, v. M & K MONUMENTAL SERVICE et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Per Curiam. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board filed August 9, 1968, as amended November 21, 1968 and January 22, 1969, based on a finding that claimant's causally related silicosis and emphysema contributed to his pulmonary insufficiency resulting in total disability. Claimant was employed as a granite cutter where he was exposed to a mild concentration of free silica. He stopped work in July, 1966 and, upon medical examination, it was found that claimant was suffering from silicosis and pulmonary emphysema. A claim for compensation benefits for disability because of silicosis was filed and benefits awarded. The board in its amended decision found that " claimant's causally related silicosis and emphysema contributes to the pulmonary insufficiency resulting in total disability. The silicosis and emphysema aggravate the pulmonary insufficiency that does occur from the pulmonary neoplasm or bronchogenic neoplasm and thereby produce a total and permanent disability. The Board finds that the claimant is permanently and totally disabled by reason thereof." Section 39 of the Workmen's Compensation Law provides that benefits are payable for total disability from silicosis, and appellants contend that there is no substantial evidence of a causally related total disability within the meaning of the statute. We are constrained to agree. Claimant was examined by Dr. Brock, an expert consultant, who filed reports and testified twice as a member of the Board of Chest Consultants. The medical evidence shows claimant was totally disabled in September, 1966 from bronchogenic neoplasm which was not related to his occupation. Claimant's employment-related silicosis and emphysema apparently aggravated the degree of his pulmonary insufficiency resulting from the cancer and were only partially disabling. Although the medical testimony is confusing, taken in its entirety it is clear that total disability was a result of the neoplasm. Upon further testimony Dr. Brock stated that claimant would have been totally disabled without the silicosis and emphysema, which conditions, although causally related to his occupation, only resulted in partial disability. As was stated in *Matter of Iodice* v. *General Abrasive Co.* (5 A D 2d 707) " The fact that partially disabling silicosis happens to coincide with another condition which is totally disabling, does not give rise to a right to an award, if the silicosis does not contribute to the other condition." Here, the total disablement was due to the neoplasm regardless of his other conditions, including silicosis and emphysema and, therefore, his total disablement was not causally related to his employment. " Thus, as has been repeatedly held, unless the medical evidence demonstrates that the silicosis affected or contributed to the second affliction and the two conditions together result in total disability an award is not proper." (*Matter of Kowalewski* v. *Blaw-Knox Co.*, 16 A D 2d 724, 725.) Decision reversed, and matter remitted for further proceedings not inconsistent herewith, with costs to appellants against the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum Per Curiam.